# STATE OF MICHIGAN

# COURT OF APPEALS

---

ALFREDA MOSES, formerly known as
ALFREDA MANDOKA,

       Plaintiff-Appellant,

v

RICHARD NETHERS,

       Defendant-Appellee,

and

SCOTT JESSEN,

       Defendant.

UNPUBLISHED
May 2, 2017

No. 329829
Isabella Circuit Court
LC No. 2014-011652-CZ

---

Before: M. J. KELLY, P.J., and STEPHENS and O'BRIEN, JJ.

STEPHENS, J. (*Concurring*)

I agree with the conclusions reached by the majority, but write separately to discuss the personal knowledge requirement of the affiant in MCR 2.603.

Under MCR 2.603, a motion to set aside a default judgment must be accompanied by an affidavit. The rule does not place any restriction on who may validly file the required affidavit. According to MCR 2.603(D)(1), the affiant must only present an affidavit of facts showing a meritorious defense. Pursuant to MCR 2.119(B), all affidavits filed in support or in opposition of motion must be made on personal knowledge of the facts stated therein, and show that the affiant would be able to testify competently to those facts. Here, the affiant was appellee's counsel. I agree with plaintiff that the portions of the affidavit not based upon personal knowledge cannot support a finding of good cause. However, upon examination, the affidavit does otherwise include factual assertions for which the attorney had personal knowledge.

In paragraph 3, the attorney's affidavit asserts that the complaint which formed the basis of the judgment was defective in that it failed to meet the minimum pleading requirements of MCR 2.111(B)(1). The trial court opinion noted that plaintiff failed to attach to the complaint the underlying contract as required by MCR 2.113(F)(1)(a) or to claim an exception from such attachment. Further, while the complaint stated it was based upon a contract, the complaint was

-1-

in fact based upon a prior judgment that arose from a defaulted lawsuit that sounded in contract. The judgment is a public record and as such, need not have been attached to the complaint if the case number, name and originating court had been included in the complaint or summons. MCR 2.113(F)(1)(a). None of that information was presented. Having read the complaint, the attorney also noted in his affidavit that

> 5. Upon information and belief and based upon the allegations in the Complaint, there is no basis under . . . MCL §449.15, to hold Defendant    jointly and severally liable for any partnership indebtedness, which entitles the Defendant to add all other partners of Christian Builders as parties to this civil action for the purpose of allocating any final liability among the partners and/or if the claim is based in tort, for the purpose of allocating the fault  . . . .

The requirement of personal knowledge "is not satisfied with an affidavit which is based solely on 'information and belief.' " *Durant v Stahlin*, 375 Mich 628, 639; 135 NW2d 392 (1965). "Such affidavit does not set forth with particularity facts that are admissible in evidence." *Id*. However, paragraph 5 is based on information and belief, *and* the pleading reviewed by counsel. When read as whole, the affidavit states that the attorney reviewed the complaint and found it lacking in specific facts, and that those facts that did exist failed to provide a basis for his client's liability under MCL 449.15(b). The attorney had both personal knowledge of the contents of the complaint and the court rules. I find the facts of which the attorney had firsthand knowledge support the court's finding of manifest injustice in that it is manifestly unjust to be subjected to a judgment based upon a pleading so defective as to not apprise the defendant of the essential facts necessary to prepare a defense. MCR 2.111(B)(1). Further, if a specific statute shields a party from liability it is not an abuse of discretion to find that the imposition of liability by default is a manifest injustice.

/s/ Cynthia Diane Stephens